1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Timothy P. Murphy, State Bar No. 120920
Cody Lee Saal, State Bar No. 286041
EDRINGTON, SCHIRMER & MURPHY LLP
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA  94523-3936
Telephone:  (925) 827-3300
Facsimile:  (925) 827-3320
Email: TMurphy@esmlawfirm.com
Email: CSaal@esmlawfirm.com

G.C. § 6103

Attorneys for Defendant COUNTY OF
ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.P., a minor, by and through her guardian ad Litem Terri Williams Park, individually and as successor in interest to JONAS ALEXANDER PARK, Deceased; and TERRI WILLIAMS PARK, individually,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; GREGORY J. AHERN, Alameda County Sheriff-Coroner; KARYN L. TRIBBLE, PsyD, LCSW, Director, Alameda County Behavioral Health Care Services Agency; JEFFREY SEAL, M.D., Lead Psychiatrist for Alameda County Behavioral Health Care Services Agency's Adult Forensic Behavioral Health; JENNIFER L. SELLS, Alameda County Sheriff's Sergeant; MARC R. SOPOLOW, LESLIE A. GERBACIO, PRENTICE J. HOWARD, REGINAL D. AARON, RUBEN POLA, Alameda County Sherriff's Deputies; NAPOLEON M. TERRELL, Alameda County Sheriff's Technician; WELLPATH, LLC, a Delaware corporation; KIP HALLMAN, President; JORGE DOMINICIS, Chief Executive Officer; THOMAS PANGBURN, M.D., Chief Clinical Officer; MARIA MAGAT, M.D., Medical Director; SZILVIA MOLITORISZ, M.D., Medical Director; EVELYN HIRSCH, R.N.; STELLA LEWIS, R.N.; RAJBINDER MAND, L.V.N.; FELICIDAD C. RAMILO, L.V.N.; CELA BARRON, R.N.; HARVIN FERRER, R.N.; ROSALYN WILLIAMS, L.V.N.; CHISA EARL, L.V.N.; HECTOR LUZ, | Case No. 4:22-cv-01817-DMR<br><br>**DEFENDANT COUNTY OF ALAMEDA'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES, AND DEMAND FOR JURY TRIAL**<br><br>**(JURY TRIAL DEMANDED)** |

1

R.N.; HARPREET K. SIDHU, L.V.N.;
JHARANA SHREESH, R.N.; H. SINGH, R.N.;
MICHELL TADEO, L.V.N.; individually, and
DOES 1-30, individually, jointly and severally,

        Defendants.

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

       Defendant COUNTY OF ALAMEDA hereby submits the following Answer to Plaintiffs' Complaint for Damages, and Demand for Jury Trial.

## JURISDICTION

1. Responding to paragraph 1 of the Complaint, this answering defendant admits that, based on the causes of action alleged, this court has jurisdiction over the matters at issue. Defendant denies all other allegations in the paragraph.

## INTRADISTRICT ASSIGNMENT TO SAN FRANCISCO OR OAKLAND DIVISION

2. Responding to paragraph 2 of the Complaint, this answering defendant admits that, based on the allegations in the Complaint, this matter is appropriately assigned to the San Francisco Division or the Oakland Division of this court. Defendant denies all other allegations in the paragraph.

## PARTIES AND PROCEDURE

3. Responding to Paragraph 3, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

4. Responding to Paragraph 4, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

5. Responding to paragraph 5, this answering defendant admits that the County of Alameda is a public entity, duly organized and existing under the laws of the State of California, that the County operates the Santa Rita Jail, and that the County operates and manages the Alameda County Sheriff's Office (ACSO), the Alameda County Behavioral Health Care Services (BHCS), and the Adult Forensic Behavioral Health (AFBH). Defendant denies

all remaining allegations in the paragraph.

6. Responding to paragraph 6 of the Complaint, this answering defendant admits that Gregory J. Ahern is, and at all material times was, employed by the County of Alameda as Sheriff-Coroner and that he was acting in the course and scope of said agency and employment. Defendant denies all remaining allegations in the paragraph.

7. Responding to paragraph 7 of the Complaint, this answering defendant admits that DR. KARYN L. TRIBBLE, PsyD, LCSW ("TRIBBLE") was employed by COUNTY OF ALAMEDA as the Director of the COUNTY'S BHCS/AFBH and was acting in the course and scope of her employment but deny all remaining allegations in the paragraph.

8. Responding to paragraph 8 of the Complaint, this answering defendant denies that JEFFREY SEAL, M.D. ("SEAL") was employed by COUNTY OF ALAMEDA as the Lead Psychiatrist of BHCS/AFBH at times relevant to this litigation. Defendant alleges that SEAL left the County's employment in October 2020, several months prior to the arrest of plaintiff's decedent. Defendant denies any and all remaining allegations in the paragraph.

9. Defendant admits the allegations of Paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits the allegations of Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits the allegations of Paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits the allegations of Paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits the allegations of Paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits the allegations of Paragraph 15 of Plaintiffs' Complaint.

16. Responding to Paragraph 16, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

17. Responding to Paragraph 17, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

18.  Responding to Paragraph 18, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

19. Responding to Paragraph 19, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

20. Responding to Paragraph 20, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

21. Responding to Paragraph 21, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

22. Responding to Paragraph 22, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

23. Responding to Paragraph 23, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

24. Responding to Paragraph 24, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

25. Responding to Paragraph 25, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

26. Responding to Paragraph 26, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

27. Responding to Paragraph 27, this answering defendant lacks lack sufficient information

and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

28. Responding to Paragraph 28, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

29. Responding to Paragraph 29, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

30.  Responding to Paragraph 30, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

31. Responding to Paragraph 31, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

32. Responding to Paragraph 32, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

33. Responding to Paragraph 33, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

34. Responding to Paragraph 34, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

35. Responding to Paragraph 35, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

36. Responding to Paragraph 36, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the

allegations are denied.

37. Responding to Paragraph 37, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

38. Responding to Paragraph 38, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

39. Answering Paragraph 39 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

40. Responding to Paragraph 40, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

41. Responding to Paragraph 41, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

42. Responding to Paragraph 42 of Plaintiffs' Complaint, Defendant County of Alameda acknowledges receipt of a purported tort claim on August 9, 2021 and that said claim was rejected, with notice of rejection mailed on September 22, 2021.  This answering defendant denies all remaining allegations in the paragraph.

43. Responding to paragraph 43 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

**<u>FACTUAL ALLEGATIONS</u>**

44. Responding to paragraph 44 of the Complaint, Defendant incorporates by reference its responses to each and every preceding paragraph in the Complaint as though fully set forth herein

1  **I.     RESTRICTIVE HOUSING AND INMATE SUICIDES AT SANTA RITA JAIL**

2  45. Responding to paragraph 45 of the Complaint, this answering defendant asserts that the

3      paragraph states arguments or contentions or conclusions of law to which no response is

4      required.  To the extent any response is deemed required, responding defendant lacks

5      sufficient information and belief upon which to admit or deny the allegations of this

6      paragraph and, as such, the allegations are denied.

7  46. Responding to paragraph 46 of the Complaint, this answering defendant asserts that the

8      paragraph states arguments or contentions or conclusions of law to which no response is

9      required.  To the extent any response is deemed required, responding defendant lacks

10      sufficient information and belief upon which to admit or deny the allegations of this

11      paragraph and, as such, the allegations are denied.

12  47. Responding to paragraph 47 of the Complaint, this answering defendant asserts that the

13      paragraph states arguments or contentions or conclusions of law to which no response is

14      required.  To the extent any response is deemed required, responding defendant lacks

15      sufficient information and belief upon which to admit or deny the allegations of this

16      paragraph and, as such, the allegations are denied.

17  48. Responding to paragraph 48 of the Complaint, this answering defendant asserts that the

18      paragraph states arguments or contentions or conclusions of law to which no response is

19      required.  To the extent any response is deemed required, responding defendant lacks

20      sufficient information and belief upon which to admit or deny the allegations of this

21      paragraph and, as such, the allegations are denied.

22  49. Responding to paragraph 49 of the Complaint, this answering defendant asserts that the

23      paragraph states arguments or contentions or conclusions of law to which no response is

24      required.  To the extent any response is deemed required, responding defendant lacks

25      sufficient information and belief upon which to admit or deny the allegations of this

26      paragraph and, as such, the allegations are denied.

27  50. Responding to paragraph 50 of the Complaint, this answering defendant asserts that the

28      paragraph states arguments or contentions or conclusions of law to which no response is

7

1  required.  To the extent any response is deemed required, responding defendant lacks

2  sufficient information and belief upon which to admit or deny the allegations of this

3  paragraph and, as such, the allegations are denied.

4  51. Responding to paragraph 51 of the Complaint, this answering defendant denies each and

5  every allegation contained therein.

6  52. Responding to paragraph 52 of the Complaint, this answering defendant asserts that the

7  paragraph states arguments or contentions or conclusions of law to which no response is

8  required.  To the extent any response is deemed required, responding defendant lacks

9  sufficient information and belief upon which to admit or deny the allegations of this

10  paragraph and, as such, the allegations are denied.

11  53. Responding to paragraph 53 of the Complaint, this answering defendant asserts that the

12  paragraph states arguments or contentions or conclusions of law to which no response is

13  required.  To the extent any response is deemed required, responding defendant lacks

14  sufficient information and belief upon which to admit or deny the allegations of this

15  paragraph and, as such, the allegations are denied.

16  54. Responding to paragraph 54 of the Complaint, this answering defendant denies each and

17  every allegation contained therein.

18  55. Responding to paragraph 55 of the Complaint, this answering defendant denies each and

19  every allegation contained therein.

20  56. Responding to paragraph 56 of the Complaint, this answering defendant denies all

21  allegations relating or referring to it or to its affiliated agencies and/or employees and

22  denies, on information and belief, all allegations relating or referring to other defendants.

23  57. Responding to paragraph 57 of the Complaint, this answering defendant denies each and

24  every allegation contained therein.

25  58. Responding to paragraph 58 of the Complaint, this answering defendant asserts that the

26  paragraph states arguments or contentions or conclusions of law to which no response is

27  required.  To the extent any response is deemed required, responding defendant lacks

28  sufficient information and belief upon which to admit or deny the allegations of this

8

paragraph and, as such, the allegations are denied.

59. Responding to paragraph 59 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

60. Responding to paragraph 60 of the Complaint, this answering defendant denies each and every allegation contained therein.

61. Responding to paragraph 61 of the Complaint, this answering defendant denies each and every allegation contained therein.

62. Responding to paragraph 62 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

63. Responding to paragraph 63 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

64. Responding to paragraph 64 of the Complaint, this answering defendant denies each and every allegation contained therein.

65. Responding to paragraph 65 of the Complaint, this answering defendant denies each and every allegation contained therein.

66. Responding to paragraph 66 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

67. Responding to paragraph 67 of the Complaint, this answering defendant asserts that the

paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

68. Responding to paragraph 68 of the Complaint, this answering defendant admits that it was notified by the United States Department of Justice (DOJ) that said department was opening an investigation involving, amongst others, the Santa Rita Jail, admits that DOJ represented that it relied upon expert consultants in its investigation, that it cooperated in making the Santa Rita Jail available for site visits, and made staff and relevant documents available for DOJ investigators.  Defendant admits that certain exit briefings occurred.  To the extent not admitted hereinabove, defendant denies each and every remaining allegation in this paragraph.

69. Responding to paragraph 69 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

70. Responding to paragraph 70 of the Complaint, this answering defendant admits that a lawsuit entitled *Babu, et al., v. County of Alameda, et al.,* was filed in the United States District Court, Northern District of California, and assigned case number 5:18-cv-07677-NC.  This answering defendant admits that the quoted language set forth in the paragraph is an accurate restatement of an allegation from the Complaint filed in the *Babu* matter. Defendant denies each and every remaining allegation in the paragraph.

71. Responding to paragraph 71 of the Complaint, this answering defendant admits the allegations therein.

## II.    JONAS PARK'S INTAKE AT THE SANTA RITA JAIL INDICATED HE HAD SERIOUS AND EMERGENT MEDICAL AND MENTAL-HEALTH NEEDS.

72. Responding to paragraph 72 of the Complaint, this answering defendant admits that plaintiffs' decedent, JONAS PARK, was arrested on February 3, 2021 at or around 9:20 p.m. and that he was held at the Santa Rita Jail on multiple charges.  Defendant admits that

plaintiffs' decedent, JONAS PARK, was a pretrial detainee at the time of his death. Defendant denies any and all remaining allegations in this paragraph.

73. Responding to Paragraph 73, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

74. Responding to paragraph 74 of the Complaint, this answering defendant admits that JONAS PARK was booked into the Santa Rita Jail on February 4, 2021.  Defendant does not have sufficient information or belief upon which to admit or deny the remaining allegations of this paragraph and, as such, the allegations are denied.

75. Responding to paragraph 75 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

76. Responding to paragraph 76 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

77. Responding to paragraph 77 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

78. Responding to paragraph 78 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

79. Responding to paragraph 79 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

**III.  DEFENDANTS FAILED TO ENSURE PARK'S IMMEDIATE REFERRAL FOR APPROPRIATE OPIATE-WITHDRAWAL AND MENTAL-HEALTH TREATMENT**

80. Responding to paragraph 80 of the Complaint, this answering defendant lacks sufficient

11

information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

81. Responding to paragraph 81 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

82. Responding to paragraph 82 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

83. Responding to paragraph 83 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

84. Responding to paragraph 84 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

85. Responding to paragraph 85 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

## IV.   WELLPATH DEFENDANTS INCREASED THE RISK OF HARM TO PARK BY GIVING PARK LIBRIUM

86. Responding to paragraph 86 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

87. Responding to paragraph 87 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

88. Responding to paragraph 88 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

89. Responding to paragraph 89 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

90. Responding to paragraph 90 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

91. Responding to paragraph 91 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

92. Responding to paragraph 92 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

93. Responding to paragraph 93 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

///

///

V.      **THE COUNTY DEFENDANTS PUT JONAS PARK IN RESTRICTIVE HOUSING, AND THEN FAILED TO PROVIDE HIM WITH MENTAL-HEALTH TREATMENT OR SUICIDE PREVENTION AND MONITORING, CULMINATING IN HIS SUICIDE.**

94. Responding to paragraph 94 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

95. Responding to paragraph 95 of the Complaint, this answering defendant admits that JONAS PARK's initial cell assignment was to Housing Unit 22. Defendant denies each and every remaining allegation in the paragraph.

96. Responding to paragraph 96 of the Complaint, this answering defendant admits that JONAS PARK was moved from Housing Unit 22 to Housing Unit 23 on or about February 6, 2021. Defendant denies each and every remaining allegation in the paragraph.

97. Responding to paragraph 97 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

98. Responding to paragraph 98 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

99. Responding to paragraph 99 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

100. Responding to paragraph 100 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

101. Responding to paragraph 101 of the Complaint, this answering defendant admits that Deputies Pola and Aaron, and Sheriff's Technician Terrell were among the staff assigned to Housing Unit 23 at the Santa Rita Jail on February 9, 2021. Defendant denies

14

all remaining allegations in the paragraph.

102. Responding to paragraph 102 of the Complaint, this answering defendant denies the allegations therein.

103. Responding to paragraph 103 of the Complaint, this answering defendant denies the allegations therein.

104.    Responding to paragraph 104 of the Complaint, this answering defendant denies the allegations therein.

105. Responding to paragraph 105 of the Complaint, this answering defendant denies the allegations therein.

106. Responding to paragraph 106 of the Complaint, this answering defendant denies the allegations therein.

107. Responding to paragraph 107 of the Complaint, this answering defendant denies the allegations therein.

108. Responding to paragraph 108 of the Complaint, this answering defendant denies the allegations therein.

109. Responding to paragraph 109 of the Complaint, this answering defendant denies the allegations therein.

110. Responding to paragraph 110 of the Complaint, this answering defendant admits that Deputy Aaron interacted with inmate PARK at or about 12:57 p.m. on February 9, 2021 regarding PARK's request for a tablet.  Defendant denies all other allegations in the paragraph.

111. Responding to paragraph 111 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

112. Responding to paragraph 112 of the Complaint, this answering defendant denies the allegations therein.

113. Responding to paragraph 113 of the Complaint, this answering defendant denies the allegations therein.

114. Responding to paragraph 114 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

115. Responding to paragraph 115 of the Complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

116. Responding to paragraph 116 of the Complaint, this answering defendant admits the allegations in the paragraph and alleges that Deputy Pola also initiated CPR, which was supplemented by assistance from other deputies and other attempts at lifesaving measures by jail staff, Wellpath staff, and outside emergency responders.

117. Responding to paragraph 117 of the Complaint, this answering defendant admits that inmate PARK was pronounced deceased by ALCO Fire personnel at or about 3:42 p.m. on February 9, 2021. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations of this paragraph and, as such, the allegations are denied.

118. Responding to paragraph 118 of the Complaint, this answering defendant admits that the Coroner's Pathologist concluded that inmate PARK's cause of death was asphyxiation due to hanging and that a toxicology screen was positive for, amongst others, Fentanyl. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations of this paragraph and, as such, the allegations are denied.

**VI.    AFTER JONAS PARK'S SUICIDE, DEFENDANTS' CONTINUED DELIBERATE INDIFFERENCE CAUSED CONTINUED SUICIDES AT THE SANTA RITA JAIL, THERE IS A DOJ INVESTIGATION, AND THE COUNTY ENTERS INTO A CONSENT DECREE REGARDING THE CONDITIONS THAT KILLED PARK**

119. Responding to paragraph 119 of the Complaint, this answering defendant admits that another inmate suicide occurred in April 2021 but denies all other allegations in the paragraph.

///

COUNTY OF ALAMEDA'S ANSWER TO COMPLAINT FOR DAMAGES          Case No. 4:22-cv-01817-DMR

120. Responding to paragraph 120 of the Complaint, this answering defendant admits that the DOJ sent a letter dated April 22, 2021 concerning completion of its investigation to, amongst others, Sheriff Ahern. Defendant denies any and all remaining allegations in the paragraph.

121. Responding to paragraph 121 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

122. Responding to paragraph 122 of the Complaint, this answering defendant admits that inmate Marlon Reyes died by suicide in 2021.  Defendant denies any and all other allegations in the paragraph.

123. Responding to paragraph 123 of the Complaint, this answering defendant admits that the United States District Court for the Northern District of California approved a consent decree in the matter of *Babu v. County of Alameda* on February 7, 2022.  Defendant denies any and all other allegations in the paragraph.

124. Responding to paragraph 124 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

125. Responding to paragraph 125 of the Complaint, this answering defendant denies each and every allegation contained therein.

126. Responding to paragraph 126 of the Complaint, this answering defendant denies each and every allegation contained therein.

127. Responding to Paragraph 127, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

128. Responding to paragraph 128 of the Complaint, this answering defendant denies each and every allegation contained therein.

17

1   129. Responding to paragraph 129 of the Complaint, this answering defendant denies each and

2        every allegation contained therein.

3                                    **CAUSES OF ACTION**

4                                  **FIRST CAUSE OF ACTION**

5      **(42 U.S.C. § 1983 Fourteenth Amendment- Deliberate Indifference to Serious Medical**

6                                  **Needs/Failure to Protect)**

7      **PLAINTIFF K.P. AGAINST DEFENDANTS SOPOLOW, GERBACIO, HOWARD,**

8      **AARON, POLA, TERRELL, MAGAT, MOLITORISZ, HIRSCH, LEWIS, MAND,**

9      **RAMIO, BARRON, FERRER, WILLIAMS, EARL, LUZ, SIDHU, SHREESH,**

10     **SINGH, TADO and DOES 1-30**

11     [Paragraphs 130 through 135, inclusive, of the Complaint are not applicable to this

12     answering defendant.]

13                                 **SECOND CAUSE OF ACTION**

14     **(42 U.S.C. § 1983 First and Fourteenth Amendments- Interference with Familial**

15                                  **Association)**

16     **PLAINTIFFS AGAINST DEFENDANTS SOLOPOW, GERBACIO, HOWARD,**

17     **AARON, POLA, TERRELL, MAGAT, MOLITORISZ, HIRSCH, LEWIS, MAND,**

18     **RAMILO, BARRON, FERRER, WILLIAMS, EARL, LUZ, SIDHU, SHREESH,**

19     **SINGH, TADEO, and DOES 1-30**

20     [Paragraphs 136 through 141, inclusive, of the Complaint are not applicable to this

21     answering defendant.]

22                                 **THIRD CAUSE OF ACTION**

23                           **(42 U.S.C. § 1983 – *Monell* Liability)**

24     **PLAINTIFF K.P. AGAINST DEFENDANTS COUNTY and WELLPATH**

25   142. Answering paragraph 142 of the Complaint, this answering defendant incorporates by

26        reference its responses to each and every preceding paragraph in the Complaint as though

27        fully set forth herein.

28   ///

143.  Responding to paragraph 143 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

144.  Responding to paragraph 144 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

145.  Responding to paragraph 145 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

146.  Responding to paragraph 146 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

147.  Responding to paragraph 147 of the Complaint, this answering defendant denies each and every allegation contained therein.

148.  Responding to paragraph 148 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

### FOURTH CAUSE OF ACTION

### (42 U.S.C. § 1983  Supervisory Liability)

### PLAINTIFF K.P. AGAINST DEFENDANTS AHERN, TRIBBLE, SEAL, SELLS, HALLMAN, DOMINICS, PANGBURN, MAGAT, MOLITORISZ, and DOE 1-30

[Paragraphs 149 through 157, inclusive, of the Complaint are not applicable to this answering defendant.]

### FIFTH CAUSE OF ACTION

### (Violation of Civil Code § 52.1- Bane Act)

### AGAINST DEFENDANTS AHERN, TRIBBLE, SEAL, SELLS, SOLOPOW, GERBACIO, HOWARD, AARON, POLA, TERRELL, HALLMAN, DOMINICS, PANGBURN, MAGAT, MOLITORISZ, HIRSH, LEWIS, MAND, RAMILO,

19

**BARRON, FERRER, WILLIAMS, EARL, LUZ, SIDHU, SHREESH, SINGH, TADEO, and DOES 1-30**

158.  Answering paragraph 158 of the Complaint, this answering defendant incorporates by reference its responses to each and every preceding paragraph in the Complaint as though fully set forth herein.

159. Responding to paragraph 159 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

160.  Responding to paragraph 160 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

161.  Responding to paragraph 161 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

162.  Responding to paragraph 162 of the Complaint, this answering defendant denies all allegations relating or referring to it or to its affiliated agencies and/or employees and denies, on information and belief, all allegations relating or referring to other defendants.

163.  Responding to paragraph 163 of the Complaint, this answering defendant denies each and every allegation contained therein.

164.  Responding to paragraph 164 of the Complaint, this answering defendant denies each and every allegation contained therein.

165.  Responding to paragraph 165 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

166.  Responding to paragraph 166 of the Complaint, this answering defendant denies each and every allegation contained therein.

### SIXTH CAUSE OF ACTION

**(Article I, Section 7 of the California Constitution- Survival Claim)**

**PLAINTIFF K.P. AGAINST ALL DEFENDANTS**

167.  Responding to paragraph 167 of the Complaint, this answering defendant incorporates by reference its responses to each and every paragraph in the Complaint as fully set forth herein.

168.  Responding to paragraph 168 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

169.  Responding to paragraph 169 of the Complaint, this answering defendant denies each and every allegation contained therein.

170.  Responding to paragraph 170 of the Complaint, this answering defendant denies each and every allegation contained therein.

171. Responding to paragraph 171 of the Complaint, this answering defendant denies each and every allegation contained therein, including its response to the allegations of paragraph 129 of the Complaint.

172.  Responding to paragraph 172 of the Complaint, this answering defendant denies each and every allegation contained therein.

### SEVENTH CAUSE OF ACTION

**(Article I, Section 17 of the California Constitution – Survival Claim)**

**PLAINTIFF K.P. AGAINST DEFENDANT COUNTY and ALL INDIVIDUAL DEFENDANTS**

173.  Answering paragraph 173 of the Complaint, this answering defendant incorporates by reference its responses to each and every paragraph in the Complaint as fully set forth

21

herein.

174.  Responding to paragraph 174 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

175.  Responding to paragraph 175 of the Complaint, this answering defendant denies each and every allegation contained therein.

176.  Responding to paragraph 176 of the Complaint, this answering defendant denies each and every allegation contained therein.

177.  Responding to paragraph 177 of the Complaint, this answering defendant denies each and every allegation contained therein, including its response to the allegations of paragraph 129 of the Complaint.

178.  Responding to paragraph 178 of the Complaint, this answering defendant denies each and every allegation contained therein.

**EIGHTH CAUSE OF ACTION**

**(Negligence-Wrongful Death and Survival Claim)**

**PLAINTIFF K.P. AGAINST DEFENDANT COUNTY, AHERN, SELLS, SOLOPOW, GERBACIO, HOWARD, AARON, POLA, TERRELLL, HALLMAN , DOMINICS, and DOES 1-30**

179.Answering paragraph 179 of the Complaint, this answering defendant incorporates by reference its responses to each and every paragraph in the Complaint as fully set forth herein

180.  Responding to paragraph 180 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

181.  Responding to paragraph 181 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

182.  Responding to paragraph 182 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

183.  Responding to paragraph 183 of the Complaint, this answering defendant denies each and every allegation contained therein.

184.  Responding to paragraph 184 of the Complaint, this answering defendant asserts that the paragraph states arguments or contentions or conclusions of law to which no response is required.  To the extent any response is deemed required, responding defendant lacks sufficient information and belief upon which to admit or deny the allegations of this paragraph and, as such, the allegations are denied.

185.  Responding to paragraph 185 of the Complaint, this answering defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

Wherefore, Defendant COUNTY OF ALAMEDA prays that Plaintiffs take nothing by their Complaint; for costs of suit incurred herein; and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant COUNTY OF ALAMEDA hereby demands a jury trial as to all claims for which trial by jury is proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

23

1        AS AND FOR A SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this

2  answering defendant alleges and avers that plaintiffs' decedent was careless and negligent in and

3  about the matters alleged in the Complaint, and that said carelessness and negligence on his own

4  part proximately contributed to the happenings of the incident(s) and to the injuries, losses and

5  damages complained of, if any, and said negligence on the part of the plaintiffs' decedent shall

6  diminish plaintiffs' recovery herein in direct proportion to the extent of such negligence under the

7  doctrine of comparative and imputed negligence.

8                         **SECOND AFFIRMATIVE DEFENSE**

9        AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint,

10  this answering defendant alleges that plaintiffs' Complaint fails to state a cause of action against it.

11                       **THIRD AFFIRMATIVE DEFENSE**

12        AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint,

13  this answering defendant alleges that certain persons and entities not presently named in this action

14  as plaintiffs or defendants were careless and negligent in and about the matters alleged in the

15  Complaint and that the carelessness and negligence on the part of said persons and entities

16  proximately contributed to the happening of the accident and to plaintiffs' injuries, and to plaintiffs'

17  loss and damages complained of, if any there were.

18                       **FOURTH AFFIRMATIVE DEFENSE**

19        AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to Complaint, this

20  answering defendant denies any wrongdoing, negligence, or liability on its part.  However, should

21  it be determined that this answering defendant is liable, then defendant further alleges that plaintiffs

22  contributed to their own injuries and losses, if any there were, and by virtue of the decision in the

23  case of <u>Nga Li v. Yellow Cab Company</u> (1975) 13 Cal.3d 804, defendant asks that any judgment

24  entered against it be proportionally reduced to the extent that the negligence of plaintiffs proximately

25  contributed to their own injuries and/or losses, if any there were.

26                       **FIFTH AFFIRMATIVE DEFENSE**

27        AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint,

28  this answering defendant alleges that if there were any risks and dangers involved in the matter set

forth in plaintiffs' Complaint, which defendant expressly denies, then said risks and dangers were open and apparent and fully understood by and known to said plaintiffs.  Plaintiffs voluntarily assumed said risks, and assumption of said risks was the sole, proximate cause of the alleged injuries and damages, if any there were.

<strong>SIXTH AFFIRMATIVE DEFENSE</strong>

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges that the County of Alameda, as a public entity, is immune from liability pursuant to the immunities available under California Government §815 *et seq.*  and §820 *et seq.*, including but not limited to Government Code §§815, 815.2(b), 815.4, 815.6, 818, 818.2, 818.4, 818.8, 818.6, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845.6, 845.8, 945.4, 945.6 and by virtue of California Government Code 900 *et seq*. and all applicable discretionary immunities.

<strong>SEVENTH AFFIRMATIVE DEFENSE</strong>

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges that to the extent the acts complained of were within the discretion of public employees, defendant is immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2(b).

<strong>EIGHTH AFFIRMATIVE DEFENSE</strong>

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges and avers that any recovery on plaintiffs' Complaint, or any cause of action purportedly alleged therein, is barred because defendant's conduct was privileged and/or justified.

<strong>NINTH AFFIRMATIVE DEFENSE</strong>

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges and avers that it is immune from the allegations and causes of action contained within the Complaint based upon the qualified and good faith immunities available under federal and California law.

///

### TENTH AFFIRMATIVE DEFENSE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges and avers that any recovery on the Complaint, or any cause of action purportedly alleged therein, is barred in whole or in part by the fact that this answering defendant acted with a good faith belief that its actions were proper and lawful and did not violate clearly established law, and consequently, defendant is entitled to immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges and avers that plaintiffs were not deprived of any constitutional right, whether federal or state, at any time, as alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to Complaint, this answering defendant alleges that plaintiffs were bound to exercise reasonable care and diligence to avoid loss and to minimize their damages, if any there were, and that the plaintiffs may not recover for losses which could have been prevented or minimized by reasonable efforts on their part or by expenditures that she might reasonably have made.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to Complaint, this answering defendant alleges that plaintiffs' action is barred to the extent that plaintiffs failed to comply with California Government Code Section 905.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges that plaintiffs' Complaint exceeds the scope of their claim, both in respect to theories of liability asserted and to injuries and damages claimed.  It is therefore barred pursuant to Government Code Sections 900 et seq. and Code of Civil Procedure Section 313.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant denies that it breached any duty it allegedly owed to plaintiffs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this answering defendant alleges and avers that plaintiffs were careless and negligent in and about the matters set forth in the Complaint, and said carelessness and negligence legally caused and/or contributed to the occurrence of the incident and to the injuries, loss, and damages complained of by plaintiffs.  Accordingly, any recovery against this answering defendant should be no greater than their allocable share, if any, of the total responsibility of all persons and entities, whether parties herein or not, who legally caused or contributed to the occurrence, injuries or damages, if any.  Defendants' liability, if any, for plaintiffs' non-economic damages is limited to the appropriate proportionate share of fault in according with Civil Code Section 1431.2 and other applicable law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This answering defendant may have additional defenses that cannot be fully anticipated at this time given that plaintiffs' Complaint is conclusory and the injuries and/or damages sought are not particularized. Defendant has not yet conducted discovery related to plaintiffs' allegations. Accordingly, defendant reserves its right to assert additional, different or amended defenses, if and to the extent such defenses apply to this action.

WHEREFORE, this answering defendant prays for relief as follows:

1. That plaintiffs take nothing by their Complaint;

2. That defendant be awarded attorney's fees and costs incurred in the defense of this action; and

3. For any such other and further relief as the Court deems proper.


DATED:  June 9, 2022                     EDRINGTON, SCHIRMER & MURPHY LLP


_____/s/ Timothy P. Murphy_____
Timothy P. Murphy, Esq.
Cody Lee Saal, Esq.
Attorneys for Defendant, COUNTY OF ALAMEDA